**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JOSHUA D. MARRS, | : | Case No. 3:12-cv-195 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | | |
| | : | |
| Defendant. | | |

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY
FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND
AFFIRMED; AND (2) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's Memorandum in Opposition (doc. 9), the administrative record (doc. 5)[2], and the record as a whole.

**I.  BACKGROUND**

**A.  Procedural History**

Plaintiff filed applications for DIB and SSI in June 2009, asserting that he has been under a "disability" since February 10, 2009. PageID 189-98. Plaintiff claims he is disabled due to depression, anxiety, a learning disability, and impulse control disorder. PageID 250.

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

[2]Hereafter, citations to the electronically-filed administrative record will refer only to the PageID.

Following initial administrative denials of his application, Plaintiff received a hearing before ALJ David Redmond on October 4, 2010.  *See* PageID 71-89.  On October 29, 2010, ALJ Redmond issued a written decision, concluding -- at Step Five of the five-step sequential disability analysis, *see infra* -- that Plaintiff could perform a limited range of work at all exertional levels and was thus not disabled.  PageID 52-64.  Specifically, the ALJ's findings, which represent the rationale of his decision, were as follows:

1.   The claimant meets the insured status requirements of the Social Security Act through September 30, 2014;

2.   The claimant has not engaged in substantial gainful activity since February 10, 2009, the alleged onset date (20 CFR §§ 404.1571 *et seq.* and 416.971 *et seq.*);

3.   The claimant has the following severe impairments: major depressive disorder, borderline intellectual functioning, and reading disorder (20 CFR §§ 404.1520(c) and 416.920(c));

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 §§ CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5.   After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity ["RFC"] to perform a full range of work at all exertional levels but with the following non-exertional limitations:  limited to simple tasks requiring no reading or writing as part of job duties and featuring minimal personal contacts with no production quotas;

6.   The claimant is unable to perform any [of his] past relevant work (20 CFR §§ 404.1565 and 416.965);

7.   The claimant was born [in] 1985 and was 23 years old, which defined him as a younger individual, age 18-49, on the alleged disability onset date (20 CFR §§ 404.1563 and 416.963);

8.   The claimant has at least a high school education and is able to communicate in English (20 CFR §§ 404.1564 and 416.964);

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)); [and]

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 10, 2009, through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

PageID 52-64.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 43-45. *See also Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then timely filed this appeal. Doc. 1.

### B.  Plaintiff's Hearing Testimony

At the time of the administrative hearing, Plaintiff was 23 years old. PageID 79. Plaintiff testified that he graduated from high school in the learning disabled program, and acknowledged ongoing difficulties reading and writing. PageID 75. He stated that he has a driver's license, has never been married, and lives alone. PageID 74-75.

Plaintiff last worked in February 2009 as a turkey cleaner on a production line. PageID 76. He testified that he struggled to keep up with that job's production requirements. *Id.* He further testified that he cannot work because of his inability to multi-task or keep up with fast-paced duties. *Id.* When faced with tasks he cannot handle, Plaintiff testified that he "start[s] breaking out and stressing"; his "mind starts racing"; and he may "break down and lose it and

start crying." PageID 78-80. Plaintiff acknowledged having no physical impairments, and claims he is disabled because of his mental impairments. PageID 77.

Plaintiff testified that he cooks his own meals, goes grocery shopping, and regularly socializes with friends and family. PageID 78. He visits his father every day, and sees his friends twice a week. *Id.* Plaintiff stated that he frequently helps his father with gardening and household chores, and occasionally looks after his younger niece and nephew when they are not in school. PageID 78-79.

### C. Vocational Expert Testimony

Willim Braunig, a vocational expert ("VE"), also testified at the administrative hearing. PageID 82-87. The VE classified Plaintiff's past work as a "turkey cleaner" and "car wash attendant" at the light, unskilled level, and his past work as a "dairy farm laborer" at the heavy, semi-skilled level.[3] PageID 82. Based on Plaintiff's age, education, work experience, and RFC, the VE testified that Plaintiff could possibly perform his past work as a "car wash attendant," but not his past other jobs because of their judgment/decision-making requirements. PageID 83. The VE nonetheless testified that Plaintiff could perform, within the regional economy, 15,000 medium exertional jobs; 13,000 light exertional jobs; and 1,300 sedentary exertional jobs. PageID 84.

### II. APPLICABLE LAW

#### A. Substantial Evidence Standard

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

---

[3]The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on physical exertion requirements. 20 C.F.R. § 404.1567.

the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3)[4]; *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found the claimant disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

---

[4]The remaining citations will identify the pertinent DIB regulations with full knowledge of the corresponding SSI regulations.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.   Has the claimant engaged in substantial gainful activity?

2.   Does the claimant suffer from one or more severe impairments?

3.   Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the Listings), 20 C.F.R. Part 404, Subpart P, Appendix 1?

4.   Considering the claimant's RFC, can he or she perform his or her past relevant work?

5.   Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition.  *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III. OPINION AND ANALYSIS

### A.  Statement of Errors

Although represented by counsel, Plaintiff's Statement of Errors is merely a cursory, unsupported narrative, without citations to case law or the record beyond the administrative hearing transcript.  *See* doc. 7.  To that end, the Court notes that counsel fails to identify a single page of medical evidence in support of Plaintiff's arguments that the ALJ erred in: (1) weighing the medical source opinions of record; (2) finding Plaintiff did not meet or equal the criteria of

Listing § 12.04 (affective disorders)[5]; and (3) assessing Plaintiff's credibility. *Id*.  Given this lack

of specificity, the Court has grounds to strike Plaintiff's Statement of Errors as violative of the

Sixth Amended Magistrate Judge's General Order No. 11 (eff. Sept 1, 2011).  *See id*. at ¶ 3

(requiring a plaintiff's Statement of Errors to "be organized in the form of a memorandum in

support of the plaintiff's position … [to] also include PageID references to the administrative

record as well as citations of applicable law and supporting authority … [and to] present the

detail ordinarily expected in a motion for summary judgment…").   Nevertheless, the Court,

acting in the interest of justice, will not so act and will reach the merits of Plaintiff's alleged

errors.  *See DeFrank v. Roth*, No. 1:98CV1597, 1998 U.S. Dist. LEXIS 23307, at *6 (N.D. Ohio

Oct. 2, 1998) ("There is a strong policy in favor of deciding cases on their merits and affording

parties their full day in court").

### B.  Merits of Plaintiff's Assignments of Errors

The Court addresses Plaintiff's assignments of error in turn.

> **1.  The ALJ Made No Error in Weighing the Evidence Regarding Plaintiff's Mental Impairments, in Viewing Those Impairments Singly or in Combination, or in Assessing Plaintiff's RFC as a Result of Those Impairments.**

As noted above, Plaintiff alleges no physical impairments, and claims disability based

exclusively upon his mental impairments.  *Id*.  The Court has carefully examined the record, and

notes that not a single treating, examining, or reviewing mental health professional has found

Plaintiff's mental impairments are severe or limiting enough to be disabling.[6]

---

[5] Plaintiff does not challenge the ALJ's findings or analysis regarding Listing § 12.05 (mental retardation).

[6] Plaintiff's pertinent medical records have been adequately summarized in the Commissioner's brief and the administrative decision, *see* doc. 9 at PageID 971-77; doc. 5-2 at PageID 55-56, 60-61 (and records cited therein), and the Court will not repeat them here.  Where applicable, the Court will identify the medical evidence relevant to its decision.

For instance, Plaintiff's treating psychiatrist, Rafay Atiq, M.D., completed a mental status questionnaire in June 2009. PageID 527-29. Dr. Atiq opined that Plaintiff: is not impaired in his ability to remember, understand and/or follow directions; could maintain concentration, persistence and pace for a short period of time; could perform work in a structured, simple and repetitive work setting (but not in a difficult work environment); and could handle work situations without significant anxiety (but might do poorly with complicated and multi-tasking routines). *Id.*

Alan Boerger, Ph.D., evaluated Plaintiff on behalf of the state agency in September 2009. PageID 567-73. Dr. Boerger diagnosed Plaintiff with major depressive order (recurrent in partial remission), a reading disorder, and borderline intellectual functioning. PageID 572. Dr. Boerger also assigned Plaintiff a GAF score of 55.[7] *Id.* Dr. Boerger opined that Plaintiff is "mildly" limited in his ability to relate to others, including fellow workers and supervisors; "moderately" limited in his ability to understand, and to follow instructions; "moderately" limited in his ability to maintain attention to perform simple repetitive tasks; and "moderately" limited in his ability to withstand the stress and pressure of day-to-day work activities.[8] PageID 572-73.

In September 2009, Kevin Goeke, Ph.D. reviewed the medical evidence of record found that Plaintiff has just a "mild" restriction of his daily living activities; "moderate" difficulties maintaining social functioning; "moderate" difficulties maintaining concentration, persistence, or pace; and has experienced one or two episodes of decompensation. PageID 585. Dr. Goeke also

---

[7]A Global Assessment of Functioning ("GAF") score of 51-60 is indicative of "moderate symptoms…or moderate difficulty in social, occupational, or school functioning (*e.g.*, few friends, conflicts with peers or co-workers)." Diagnostic and Statistical Manual of Mental Disorders, 4th ed., Text Revision ("DSM-IV-TR") at 34.

[8]"Moderate" functional limitations are not suggestive of a disability. *See Sims v. Comm'r of Soc. Sec.*, 406 F.App'x 977, 980 (6th Cir. 2011) (noting that "mild" and "moderate" functional limitations are "non-disabling").

concluded that Plaintiff does not meet or equal the criteria of any Listing.  PageID 575, 585-86.  According to Dr. Goeke, Plaintiff's daily functioning is "fair," in that he does not need assistance with personal care; he can prepare his own meals; he can perform substantial chores; and he can shop for his own needs.  PageID 591.  Moreover, Dr. Goeke concluded that Plaintiff is capable of performing work which is "limited to simple, repetitive tasks in a low social demand setting without strict production quotas, fast pace, or reading requirements."  PageID 592.  In December 2009, Jennifer Swain, Psy.D. reviewed the evidence of record and affirmed Dr. Goeke's conclusions.  PageID 649.

Plaintiff claims the ALJ erred by "totally and improperly evaluat[ing] the evidence regarding the opinions of several healthcare professionals."  Doc. 7 at PageID 959.  Plaintiff's argument, however, is unsubstantiated.  The ALJ gave significant weight to the opinions of Dr. Atiq, Dr. Boerger, and Dr. Goeke, and found them each to be consistent with the other evidence of record.  PageID 58, 60-61.  Plaintiff's failure to identify *how* the ALJ improperly weighed their opinions, and his decision to cite no contrary evidence, dooms his argument.  *See Wyatt v. Sec'y H.H.S.*, 974 F.2d 680, 683 (6th Cir. 1992) (noting "[t]he plaintiff has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. § 423(d)(1)(A)").

Furthermore, to the extent that Plaintiff challenges the ALJ's finding at Step Three -- that his mental impairments did not meet or equal Listing § 12.04, *see* doc. 7 at PageID 962-64 -- such an argument is similarly unsupported by the record.  Listing § 12.04 requires that an individual satisfy either the criteria in subparts A and B, or subparts A and C of the Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04.  There is no dispute that Plaintiff satisfied the "A" criteria for Listing § 12.04.  Subpart B requires at least two of the following: (1) "marked"

restriction of activities of daily living; (2) "marked" difficulties in maintaining social functioning; (3) "marked" difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. Subpart C can be satisfied by establishing repeated episodes of decompensation over an extended period of time. *Id.*

Substantial evidence supports the ALJ's finding that Plaintiff did not meet or equal the "B" criteria of Listing § 12.04. PageID 55-56. Notably, no treating, examining, or consulting medical source opined that Plaintiff is more than "moderately" limited in any domain. *See* note 8, *supra*. The record supports the ALJ's finding that Plaintiff experiences few restrictions in his activities of daily living, and is just "mildly" impaired in that domain. PageID 55-57, 61. Likewise, the medical opinions discussed *supra* support the ALJ's finding that Plaintiff's social functioning and ability to maintain concentration, persistence, or pace are both "moderately" impaired -- not "markedly" impaired, as required by the Listing. PageID 57, 61. Furthermore, the ALJ made no error in relying upon Dr. Atiq's opinion (*i.e.*, that Plaintiff can handle situations without significant anxiety if they are not complicated and do not involve multi-tasking, *see* PageID 591) and Dr. Boerger's opinion (*i.e.*, that Plaintiff has only "moderate" limitations in his ability to withstand stress and the pressure of day-to-day work activities, *see* PageID 572-73) in finding Plaintiff has "moderate" limitations in his ability to maintain concentration, persistence, or pace. PageID 57, 61. Moreover, the ALJ's finding -- that Plaintiff's "one to two" episodes of decompensation are insufficient to meet the "B" or "C" criteria -- is also supported by substantial evidence. *See* PageID 57-58.

To the extent Plaintiff makes a general assertion that the ALJ's non-disability finding is unsupported by substantial evidence, that argument has no merit. Substantial medical evidence supports the ALJ's findings at Steps Three, Four, and Five. *See supra.* It is not the Court's role

to sift through the record and make a *de novo* determination of whether or not a claimant is disabled. *Siterlet v. Sec'y of H.H.S.*, 823 F.2d 918, 920 (6th Cir. 1987). The ALJ thoroughly reviewed the evidence, and reasonably concluded that Plaintiff did not satisfy Listing § 12.04; that Plaintiff's mental impairments, whether viewed singly or in combination, are not disabling; and that Plaintiff retains the RFC to perform a significant number of jobs in the national economy. The ALJ properly weighed the evidence, and formulated an RFC which is well-supported by the record. As such, the Court finds Plaintiff's assignments of error arguing otherwise to be unmeritorious.

### 2. Substantial Evidence Supports the ALJ's Credibility Finding

Although counsel does not fully develop a credibility argument, he nonetheless references the ALJ's credibility determination at several points in his Statement of Errors. *See* doc. 7 *passim*. Notably, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms…not credible to the extent they are inconsistent with the above [RFC]." PageID 62. Such a finding is supported by substantial evidence.

An ALJ's credibility findings are entitled to considerable deference and should not be lightly discarded. *Casey*, 987 F.2d at 1234. The Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [a claimant] are reasonable and supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (brackets added). The Sixth Circuit has held that it accords great deference to an ALJ's credibility assessment, particularly because the ALJ has the opportunity to observe the demeanor of the claimant while he or she testifies at the administrative hearing. *Id*. Moreover, the Court

"may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Here, Plaintiff has failed to provide a "compelling reason" to disturb the ALJ's credibility finding. *See id.* Contrary to Plaintiff's contentions, substantial evidence -- including the medical opinions of record, and evidence of Plaintiff's daily activities -- supports the ALJ's credibility determination.

## IV. RECOMMENDATION

For the foregoing reasons, the Court finds the ALJ's non-disability finding supported by substantial evidence.

## IT IS THEREFORE RECOMMENDED THAT:

1.      The Commissioner's non-disability finding be **AFFIRMED;** and

2.      This case be **CLOSED**.

July 2, 2013                                              **s/Michael J.  Newman**
                                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).